*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRETT VUKICH,

Plaintiff-Appellee,

v

GEICO INSURANCE COMPANY, doing
business as GEICO CASUALTY COMPANY,

Defendant-Appellant.

UNPUBLISHED
October 17, 2019

No. 341260
Wayne Circuit Court
LC No. 16-016146-NF

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, who lives in Wisconsin, purchased an automobile insurance policy from a company that is neither authorized nor licensed to do business in Michigan. After he was involved in an automobile accident in Michigan, plaintiff sued to collect Michigan no-fault benefits, despite the fact that his out-of-state insurance policy did not provide for the payment of such benefits. Because the trial court erroneously denied defendant's motion for summary disposition, we reverse and remand for entry of summary disposition in favor of defendant.

## I. BACKGROUND

Plaintiff was involved in an automobile accident in Michigan. At the time of the accident, plaintiff held a "Wisconsin Family Automobile Insurance Policy" with GEICO Casualty Company (GEICO Casualty), which included a provision for medical-expense payments with a limit of $1,000, but did not include a provision for the payment of Michigan no-fault benefits. GEICO Casualty is neither authorized nor licensed to do business in Michigan and has not filed a certification under MCL 500.3163, as amended by 2002 PA 697.

Defendant filed an insurance claim for Michigan personal-injury-protection (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq.*, and GEICO Casualty denied the claim. GEICO Casualty determined that plaintiff was ineligible for Michigan no-fault benefits because GEICO Casualty does not issue Michigan insurance policies, given that GEICO Casualty is neither authorized nor licensed to do business in Michigan.

-1-

Plaintiff filed this lawsuit alleging breach of contract and fraud. Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff was not entitled to Michigan PIP benefits because he purchased his out-of-state insurance policy from GEICO Casualty, which was not authorized to do business in Michigan. The trial court denied defendant's motion, holding that the cover page of plaintiff's insurance contract, which listed four GEICO companies, created an ambiguity regarding which GEICO entity was plaintiff's insurer. Defendant appeals as on leave granted the trial court's order denying its motion for summary disposition. See *Vukich v GEICO Ins Co*, 503 Mich 879; 917 NW2d 679 (2018).

## II. ANALYSIS

Defendant argues that the trial court erred when it denied its motion for summary disposition because there is no question of fact that plaintiff's insurance contract was issued by GEICO Casualty, not defendant or any other GEICO company.

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, __ Mich __, __; __ NW2d __ (2019) (Docket No. 157846); slip op at 6. Summary disposition is only appropriate when there is no genuine issue of material fact. *Id*. This Court also reviews de novo questions of statutory interpretation and the proper interpretation of a contract. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018).

Insurers authorized to transact automobile-liability insurance, personal-protection insurance, and property-protection insurance in Michigan are governed by MCL 500.3163. Although the statute has been recently amended by 2019 PA 21, the former version of the statute applies in this case. The former version of the statute provided:

> (1) An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act.

> (2) A nonadmitted insurer may voluntarily file the certification described in subsection (1).

> (3) Except as otherwise provided in subsection (4), if a certification filed under subsection (1) or (2) applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage.

(4) If an insurer of an out-of-state resident is required to provide benefits under subsections (1) to (3) to that out-of-state resident for accidental bodily injury for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits.

There is no dispute in this case that plaintiff's out-of-state insurance policy does not provide for Michigan no-fault benefits, and the corporate entity that issued plaintiff's insurance policy, GEICO Casualty, was not registered with the state of Michigan under the former version of MCL 500.3163. Plaintiff argues that he is nonetheless entitled to Michigan no-fault benefits because he is insured by two other GEICO companies that *are* certified under the former version of MCL 500.3163. Plaintiff's argument rests on whether the cover page of the insurance contract, which lists four separate GEICO companies, created an ambiguity regarding which GEICO entity insured plaintiff.

An insurance policy is subject to the same principles of contract interpretation applicable to any other type of contract. *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Furthermore, "a court must construe and apply unambiguous contract provisions as written." *Id*. A contract is ambiguous and will be construed against the drafter when "a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances." *Farm Bureau Mut Ins Co of Mich*, 460 Mich at 566-567 (cleaned up). "[C]ourts cannot simply ignore portions of a contract in order to avoid a finding of ambiguity or in order to declare an ambiguity." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003).

The first page of plaintiff's insurance contract is a declaration certificate, which was written by a GEICO Casualty employee. The first sentence of the declaration certificate states that its author is a claims-coverage underwriter for GEICO Casualty. No other GEICO entity is mentioned on the declaration certificate. The next page of plaintiff's insurance contract is the declarations page, which includes a general description of plaintiff's out-of-state insurance policy. In the top left corner of the declarations page is the GEICO logo. GEICO Casualty is listed directly under the GEICO logo. No other GEICO entity is listed on the declarations page. There are also two automobile-policy amendments following the policy that both state that GEICO Casualty is plaintiff's insurer.

After the declarations page is the cover page, which is the purported source of ambiguity. The GEICO logo is located at the top of the cover page. In the center of the cover page is the title of plaintiff's insurance policy. Under the title of plaintiff's insurance policy is a list of four separate GEICO insurance companies: GEICO, GEICO Casualty, GEICO General Insurance Company, and GEICO Indemnity Company. Plaintiff claims that this list created an ambiguity regarding which GEICO company was his insurer on the date of the accident, and that this list led him to believe that he was covered by all the listed GEICO entities. In response, defendant

argues that plaintiff's insurance contract was clear that GEICO Casualty was plaintiff's only insurer despite the list of GEICO affiliates on the cover page.

This Court must read insurance contracts "*as a whole* to effectuate the intent of the parties." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008) (emphasis added). Other than the list on the cover page, GEICO Casualty is the only named insurer throughout plaintiff's insurance contract. In fact, the first sentence in the agreement section of the insurance contract states, "We, the Company named in the declarations attached to this policy, make this agreement with you, the policy holder." The only company named in the declarations page is GEICO Casualty. Moreover, the list of GEICO companies on the cover page is simply a list of affiliated companies. There is no indication on that document that a contractual relationship exists between plaintiff and the companies listed on the cover page.

A fair reading of plaintiff's entire insurance contract does not result in conflicting interpretations regarding the identity of plaintiff's actual insurer, and therefore, the insurance contract must be enforced as written. The plain language of the insurance contract demonstrates that GEICO Casualty was plaintiff's sole insurer on the date of the accident. The fact that GEICO Casualty is part of the same family of GEICO-insurance companies as GEICO Indemnity and GEICO General Insurance is immaterial. Absent an abuse of corporate form, parent and subsidiary corporations are presumed to be separate and distinct entities. *Green v Ziegelman*, 310 Mich App 436, 451; 873 NW2d 794 (2015) (cleaned up). Plaintiff does not claim that an abuse of corporate form has occurred, and therefore, each GEICO-related entity must be treated as a separate corporate entity.

Plaintiff's unambiguous insurance contract provides that GEICO Casualty was plaintiff's sole insurer on the date of the accident. Because plaintiff is a Wisconsin resident who holds a Wisconsin insurance policy from GEICO Casualty, which is neither certified in Michigan under the former version of MCL 500.3163 nor authorized to sell insurance in Michigan, plaintiff is ineligible to receive Michigan no-fault benefits. Accordingly, defendant is entitled to summary disposition as a matter of law.

Reversed and remanded for entry of summary disposition in favor of defendant. Defendant, having prevailed in full, may tax costs under MCR 7.219(F). We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

-4-